UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH NOWLING,<br><br>          Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | Civil No. 15cv0766 JAH<br><br>**ORDER DISMISSING PETITION FOR WRIT OF ERROR *CORAM NOBIS* PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AS MOOT** |

      Petitioner Keith Nowling, a prisoner proceeding *pro se*, filed a petition for Writ of Error *Coram Nobis,* pursuant to 28 U.S.C. § 1651 (Petitioner's "Writ"), seeking review of the sentence imposed in case #3:12-cr-01253-JAH-2. See Doc. # 1 at 3. Petitioner additionally filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a). See Doc. # 2.

      All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of *habeas corpus*, must pay a filing fee of $350. See 28 U.S.C. § 1914(a). An action may proceed despite a petitioner's failure to prepay the entire fee only if the petitioner is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

      Notwithstanding payment of any filing fee or portion thereof, complaints filed by any person seeking to proceed IFP are subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such

relief." 28 U.S.C. § 1915(e)(2)(B); <u>Calhoun v. Stahl</u>, 254 F.3d 845, 845 (9th Cir. 2001); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Upon review of Petitioner's Writ, this Court finds that it must be dismissed because it fails to present a cognizable claim upon which relief may be granted under 28 U.S.C. § 1651. To state a claim for *coram nobis* relief under 28 U.S.C. § 1651, a petitioner must show that: (1) a more usual remedy is unavailable, (2) valid reasons existed for not attacking the conviction earlier, (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III, and (4) the error is of the most fundamental character. <u>See</u> <u>Hirabayashi v. United States</u>, 828 F.2d 591, 604 (9th Cir. 1987). The requirements are conjunctive, such that failure to meet any one of them is fatal. <u>See</u> <u>Matus-Leva v. United States</u>, 287 F.3d 758, 760 (9th Cir. 2002).

In his Writ, Petitioner requests correction of the sentence imposed in case #3:12-cr-01253-JAH-2. <u>See</u> Doc. # 1 at 9. Specifically, Petitioner contends that seven misdemeanor convictions were improperly included in his pre-sentence documentation, resulting in this Court's consideration of an improper guideline range during sentencing. <u>Id</u>. at 8. In other words, Petitioner attempts to collaterally attack the same sentence he currently serves.

As plead, Petitioner fails to show that his claim is properly brought pursuant to 28 U.S.C. § 1651. *Coram nobis* relief affords a remedy specifically intended to attack and redress the "lingering collateral consequences" of unlawful convictions that have already been "fully served." <u>See</u> <u>Telnik v. United States</u>, 24 F.3d 42, 45 (9th Cir. 1994). In the Ninth Circuit, *habeas corpus* relief is the usual remedy for inmates in federal custody seeking to collaterally attack an allegedly unlawful sentence being served by the inmate. <u>Id</u>.

Petitioner is an inmate in federal custody alleging that the sentence he currently serves was unlawfully imposed. <u>See</u> Doc. # 1 at 3. Thus, pursuit of the more usual remedy requires filing a *habeas corpus* petition pursuant to 28 U.S.C. § 2255. <u>See</u> <u>Telnik</u>, 24 F.3d at 45. Petitioner's vague contention that "[t]he Title 28 U.S.C. [§] 2255, is not

1 | available to the petitioner" is insufficient to show that the remedy is unavailable.  See Doc.
2 | # 1 at 10.  Therefore, Petitioner has not met his burden to state a claim entitling him to
3 | *coram nobis* relief.
4 |     Accordingly, this Court finds that Petitioner's Writ must be dismissed, pursuant
5 | to 28 U.S.C. § 1915(e)(2)(B)(ii), because it fails to present a cognizable claim for relief
6 | under 28 U.S.C. § 1651.
7 |     For the foregoing reasons, IT IS HEREBY ORDERED:
8 |     1.    Petitioner's Writ of Error *Coram Nobis* is **DISMISSED without prejudice**;
9 |           and
10 |    2.    Petitioner's Motion for Leave to Proceed *In Forma Pauperus* is **DENIED as**
11 |          **moot**.
12 | Dated:      July 24, 2015

JOHN A. HOUSTON
United States District Judge